UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAWN LAWRENCE DESAUTEL,<br><br>            Plaintiff,<br><br>  vs.<br><br>TETRA TECH EC, INC.,<br><br>            Defendant. | NO.   CV-11-187-EFS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS AND CLOSING FILE** |

    Before the Court, without oral argument, is Defendant Tetra Tech EC, Inc.'s Motion to Dismiss Plaintiff's Complaint for Damages, ECF No. 8. Also before the Court are Plaintiff Shawn Lawrence DesAutel's Motion to Strike Defendant's Motion to Dismiss Plaintiff's Complaint for Damages, ECF No. 23, Motion for Entry of Default Judgment, ECF No. 14, Motion for Default Judgment, ECF No. 15, and Motion for Sanctions, ECF No. 25. After reviewing the filings of the parties, the record in this matter, and applicable authority, the Court is fully informed. For the reasons discussed below, the Court grants Defendant's motion to dismiss and denies Plaintiff's motions.

///

//

/

ORDER ~ 1

**I.   DEFENDANT'S MOTION TO DISMISS**

   **A.   Factual Background**

This case arises out of Mr. DesAutel's termination from his employment with Defendant Tetra Tech EC, Inc. ("Tetra Tech"). Mr. Desautel began working for Tetra Tech in early 2009 as a Deputy Project Manager for the company's Ukraine division. During the summer of 2009, Mr. DesAutel began to transition into the role of Project Manager, but after several months, Tetra Tech discontinued the transition process. On December 1, 2009, Mr. DesAutel accepted a six-month assignment to work as a Field Civil Engineer at one of Tetra Tech's project sites in the Port of Manila, Philippines, with an expected departure date in February 2010.

On December 17, 2009, Mr. DesAutel's direct supervisor, Randal Roberts, issued an annual performance appraisal of Mr. Desautel. The performance appraisal rated Mr. DesAutel's performance as "meets expectations" or "below expectations" in every category, and contained the statement that "[b]ased on the performance as a Task Order Manager on Ukraine, he does not currently have the skills necessary to serve as a Project Manager." ECF No. 4-5 at 252. Feeling that aspects of the December 17, 2009 performance appraisal were discriminatory and that his assignment to the Field Civil Engineer position was a demotion, Mr. DesAutel submitted responses to the appraisal on December 18, 2009, and December 29, 2009. Mr. DesAutel also scheduled several conference calls with management and human resources employees at Tetra Tech, but never felt that his concerns were redressed. On January 29, 2010, Mr. DesAutel sent a letter to Tetra Tech's vice president of human resources demanding

that the above-quoted sentence be stricken from his performance appraisal and that his position title be changed to "Project Manager," and proposing that his assignment to the Field Civil Engineer position in the Philippines be limited to one-to-two months. Mr. DesAutel never accepted the Field Civil Engineer position in the Philippines, and on March 18, 2010, he was placed on a three-month unpaid furlough. On June 18, 2010, the day before the three-month furlough was set to expire, a representative from Tetra Tech told Mr. DesAutel that his furlough would be extended an additional two months, but this extension was never formally documented.

On August 13, 2010, Mr. DesAutel's employment with Tetra Tech was terminated and he was given a Separation Agreement and General Release ("Separation Agreement") that had been signed by a representative from Tetra Tech. Among other things, the Separation Agreement stated that Mr. DesAutel would release Tetra Tech from "any and all" legal claims he had against Tetra Tech in exchange for a severance payment of $3,728.00. Mr. DesAutel submitted a counter-proposal to Tetra Tech on August 18, 2010, which the company refused. On August 25, 2010, Mr. DesAutel signed the Separation Agreement as originally drafted.

**B.   Procedural History**

On January 29, 2010, the same day of his letter to Tetra Tech's vice president of human resources, Mr. DesAutel filed a charge of employment discrimination with the Seattle office of the Equal Employment Opportunity Commission (EEOC), alleging that Tetra Tech had engaged in age and race discrimination as well as retaliation. Mr. DesAutel participated in an intake interview with an EEOC agent on March 2, 2010,

ORDER ~ 3

and on March 29, 2010, he signed a formal Charge of Discrimination ("Charge") prepared by the EEOC agent. On February 8, 2011, relying in part on Mr. DesAutel's Separation Agreement with Tetra Tech, the EEOC agent assigned to Mr. DesAutel's Charge issued a preliminary finding letter informing Mr. DesAutel that the EEOC was preparing to dismiss the Charge. On February 25, 2011, the EEOC issued its final Dismissal and Notice of Rights, informing Mr. DesAutel that it was dismissing his Charge and providing him with a "right to sue" letter.

Mr. DesAutel filed the Complaint in this matter on May 12, 2011, alleging that he was wrongfully terminated from his employment with Tetra Tech and seeking general and special damages. ECF No. 1. On May 13, 2011, the Court approved Mr. DesAutel's Application to Proceed In Forma Pauperis. ECF No. 3. The Court screened Mr. DesAutel's Complaint pursuant to 28 U.S.C. § 1915(e)(2), and on July 13, 2011, the Court directed service of the Complaint. ECF No. 5. On September 26, 2011, Tetra Tech filed the instant motion to dismiss. ECF No. 8.

**C.  Discussion**

Tetra Tech argues that Mr. DesAutel's claims should be dismissed because they are barred by the Separation Agreement or, alternatively, that the Complaint should be stricken and Mr. DesAutel be required to file a more concise and definite statement of his claims.

Generally, courts ruling on a motion to dismiss for failure to state a claim are limited to the contents of the complaint. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003). However, when an extrinsic document is extensively referred to in the complaint or forms the basis of the plaintiff's claim, and no party

1  questions the document's authenticity, courts may treat such a document
2  "as part of the complaint, and thus may assume that its contents are true
3  for purposes of a motion to dismiss under Rule 12(b)(6)." *United States*
4  *v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Here, because Mr.
5  DesAutel's Complaint discusses the Separation Agreement extensively, *see*
6  ECF No. 4 ¶¶ 63-69, 79-80, and because Mr. DesAutel attached an unsigned
7  copy of the Separation Agreement to his Complaint, ECF No. 4-8 at 425-29,
8  the Court considers the Separation Agreement in ruling on Tetra Tech's
9  motion to dismiss.  Additionally, because no party has contested the
10 authenticity of the signed copy of the Separation Agreement attached to
11 Defendant's reply, the Court considers that copy of the document as well.
12     The construction and enforcement of contractual releases of
13 liability are governed by state contract law. *United Comm. Ins. Serv.,*
14 *Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992).  Under
15 Washington law, releases and settlement agreements are contracts governed
16 by general principles of contract law. *In re Estate of Harford*, 86 Wn.
17 App. 259, 262 (1997).  A release is a valid and enforceable contract
18 under Washington law unless it is induced by fraud, misrepresentation,
19 or overreaching, or if there is clear and convincing evidence of mutual
20 mistake. *Nationwide Mut. Fire Ins. Co. v. Watson*, 120 Wn.2d 178, 187
21 (1992).  And when a contract is unambiguous, courts must enforce its
22 terms according to their plain meaning. *Syrovy v. Alpine Res., Inc.*, 122
23 Wn.2d 544, 550 (1993).
24 ///
25 //
26 /

ORDER ~ 5

Here, paragraph 4(a) of the Separation Agreement states that Mr. DesAutel agrees

> irrevocably and unconditionally to release, acquit and forever discharge the Company and/or its parent corporation, subsidiaries, divisions, predecessors, successors and assigns . . . from any and all claims, liabilities, promises, actions, damages and the like, known or unknown, which you ever had against any of the Releasees arising out of or relating to your employment and/or the termination of your employment with the Company.  These claims include, but are not limited to: (1) employment discrimination (including claims of sex discrimination and/or sexual harassment) and retaliation under Title VII (42 U.S.C.A. 2000e etc.) and under 42 U.S.C.A. section 1981 and section 1983, age discrimination under the Age Discrimination in Employment Act (29 U.S.C.A. sections 621-634), as amended, under section 503 of the Rehabilitation Act of 1973, under the Americans with Disabilities Act, under the Federal family and medical leave acts, under the Employee Retirement Income Security Act, under the Washington Law Against Discrimination, and all claims arising under R.C.W. Title 49, and/or under any other relevant state statutes or municipal ordinances; (2) disputed wages, including claims under the Fair Labor Standards Act (including the Equal Pay Act) and any Washington or municipal law; (3) wrongful discharge and/or breach of any alleged employment contract; and (4) claims based on any tort, such as invasion of privacy, defamation, fraud and infliction of emotional distress.

ECF No. 30-1 at 23.  Furthermore, the final line of the Separation Agreement included the following admonishment: "**PLEASE READ CAREFULLY. YOU ARE GIVING UP ANY LEGAL CLAIMS THAT YOU HAVE AGAINST THE COMPANY BY SIGNING THIS AGREEMENT.**"  *Id*. at 26.  These two provisions of the Separation Agreement clearly and unequivocally release Tetra Tech from "any and all" of Mr. DesAutel's claims arising out of his employment or the termination thereof, including claims of employment discrimination and claims for lost wages. As Mr. DesAutel's Complaint only alleges that Tetra Tech engaged in discriminatory or retaliatory conduct against him before the parties entered into the Separation Agreement on August 25, 2010, this action falls squarely within the scope of the release.  *See*

ORDER ~ 6

*Marder v. Lopez*, 450 F.3d 445, 449 (9th Cir. 2006) (dismissing copyright claim where the plaintiff had released the defendant from "each and every claim" at issue).

Mr. DesAutel argues in his Complaint that the Separation Agreement should not be construed to release Tetra Tech from his discrimination and retaliation claims because a release of such claims would have warranted more consideration than the standard severance payment of two weeks' salary that he received. However, courts do not generally inquire into the adequacy of consideration in determining whether a contract has been formed; consideration need only constitute a bargained-for promise to be legally sufficient. *See Labriola v. Pollard Group, Inc.*, 152 Wn.2d 828, 833-34 (2004). And any argument that Mr. DesAutel did not appreciate the scope of the release is foreclosed by his admission that he attempted to negotiate a higher severance payment specifically because of the breadth of the Agreement's release - when Tetra Tech rejected this counter-offer, Mr. DesAutel signed the Separation Agreement as originally drafted. *See* ECF No. 4 ¶¶ 65-67. In the absence of any evidence that Mr. DesAutel was induced to enter into the Separation Agreement by fraud or misrepresentation, the Court finds that the release contained within the Separation Agreement is valid.

Mr. DesAutel also argues that the Court already found that his claim was not barred by the release when it screened his complaint and directed service of process by the U.S. Marshal on July 13, 2011. Although the Court did not dismiss Mr. DesAutel's complaint after screening under 28 U.S.C. § 1915(e), neither § 1915 nor the Federal Rules of Civil Procedure preclude Tetra Tech from filing (or the Court from granting) a motion to

ORDER ~ 7

dismiss. *See, e.g.*, *Harris v. Lappin*, No. EDCV 06-00664 VBF, 2009 WL 789756 at *3 (C.D. Cal. March 19, 2009) ("Section 1915 does not obligate the court to screen for every possible defect in a complaint, nor is the screening process infallible."); *see also* ECF No. 5 at 1 n.2 ("The Court's 'screening' finding does not prohibit Defendant from filing a motion to dismiss on the grounds of frivolousness, maliciousness, or failure to state a claim on which relief may be granted."). Furthermore, the "immunity" prong of § 1915(e)(2)(B) that Mr. DesAutel cites refers to doctrines of sovereign immunity, absolute and qualified immunity, and judicial immunity, not to the contractual bar against suit secured by a valid release agreement.

**D. Plaintiff's Motion to Strike**

On October 13, 2011, Mr. DesAutel filed a Motion to Strike Defendant's Motion to Dismiss Plaintiff's Complaint for Damages. ECF No. 23. Mr. DesAutel argues that Tetra Tech's Motion to Dismiss Plaintiff's Complaint for Damages, ECF No. 8, should be stricken because defense counsel failed to timely serve him with a copy of the motion. However, Mr. DesAutel has not provided a sworn statement or otherwise admissible evidence to demonstrate that he did not receive Tetra Tech's moving papers via mail as defense counsel certified. And it is clear from the record in this matter that Mr. DesAutel did receive Tetra Tech's filings and was in fact able to file a timely response to Tetra Tech's motion, rendering any deficiency in Tetra Tech's service of process non-prejudicial. As such, the Court denies Mr. DesAutel's motion to strike.

//

/

ORDER ~ 8

**E. Conclusion**

For the reasons stated above, the Court declines to strike Tetra Tech's motion to dismiss, and finds that Mr. DesAutel's suit is barred by the valid release contained in his August 25, 2011 Separation Agreement with Tetra Tech. Accordingly, the Court grants Tetra Tech's motion and dismisses this matter.

**II. PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

On October 4, 2011, Mr. DesAutel filed two default-related motions: a Motion for Entry of Default Judgment, ECF No. 14, and a Motion for Default Judgment, ECF No. 15. Mr. DesAutel argues therein that Tetra Tech failed to file a notice of appearance or responsive pleading within the sixty-day period required by Federal Rule of Civil Procedure 12(a)(1)(A)(ii), and asks the Court to enter default and grant him judgment.

Under Federal Rule of Civil Procedure 55, entry of a default judgment is a two-step process: first, a party must move for entry of default by the Clerk of Court, and second, the party must move for entry of a default judgment. Whether to enter default and whether to enter default judgment are within the discretion of the trial court. *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1292 (9th Cir. 1982). Default judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits. *Pena v. Seguros La Comerical, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). Here, because Tetra Tech has already filed a responsive pleading, and in light of the strong judicial preference against disposing of cases on default judgment, the

Court denies Mr. DesAutel's motions for entry of default and default judgment.

**III. PLAINTIFF'S MOTION FOR SANCTIONS**

On October 13, 2011, Mr. DesAutel filed a Motion for Sanctions. ECF No. 25. This motion repeats verbatim the assertions made in Mr. DesAutel's motion to strike, and asks the Court to order sanctions against Tetra Tech and defense counsel Fisher & Phillips, LLP pursuant to Federal Rule of Civil Procedure 11(c). However, Mr. DesAutel has not complied with the "mandatory" twenty-one-day notice requirement of Rule 11(c)(2), noncompliance with which precludes an award of sanctions. *See Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001). Furthermore, Mr. DesAutel has not provided any sworn statement or otherwise admissible evidence to demonstrate that Tetra Tech's alleged failure to timely serve its motion is deserving of sanctions under Rule 11(c). Accordingly, the Court denies Mr. DesAutel's motion for sanctions.

**IV.   CONCLUSION**

For the reasons discussed above, the Court grants Tetra Tech's motion to dismiss and denies Mr. DesAutel's motions. It is clear that Mr. DesAutel feels aggrieved and has taken considerable time to outline his grievances and identify his claims in this lawsuit. However, Mr. DesAutel's claim against Tetra Tech is simply barred by the August 25, 2010 contract he entered into with them, and this case must thus be dismissed.

//

/

ORDER ~ 10

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss Plaintiff's Complaint for Damages, **ECF No. 8**, is **GRANTED**.

2. Plaintiff's Motion to Strike Defendant's Motion to Dismiss Plaintiff's Complaint for Damages, **ECF No. 23**, is **DENIED**.

3. Plaintiff's Motion for Entry of Default Judgment, **ECF No. 14**, and Motion for Default Judgment, **ECF No. 15**, are **DENIED**.

4. Plaintiff's Motion for Sanctions, **ECF No. 25**, is **DENIED**.

5. **Judgment** shall be **ENTERED** with prejudice in Tetra Tech's favor.

6. This file shall be **CLOSED** and all pending deadlines and hearings **STRICKEN**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel and Mr. DesAutel.

**DATED** this ___31st___ day of January 2012.

                        S/ Edward F. Shea
                        EDWARD F. SHEA
                        United States District Judge